THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
ALAN S. FUKUSHIMA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

ANTHONY T. GUESS and
MICHELLE LEE GUESS,

        Debtors.

NO: 10-51389-E-7

DC No.: SLF 3

MOTION TO ABANDON REAL PROPERTY

Date: January 12, 2012
Time: 10:30 a.m.
Place: Department E
Honorable Ronald H. Sargis

MOTION TO ABANDON REAL PROPERTY

1

Chapter 7 Trustee Alan S. Fukushima respectfully requests Court authorization[1] to abandon real property of the bankruptcy estate located at 1684 Bayer Court, Folsom, California 95630 (the "Property"), because there is no equity in the Property and, therefore, it is burdensome to the estate, is of inconsequential value, and provides no benefit to the estate.

In support of this motion, the Trustee represents the following:

1. On November 30, 2010, the Debtors filed this case under Chapter 13.

2. On July 22, 2011, the Debtors filed a motion to convert this case from Chapter 13 to Chapter 7, and on August 1, 2011, the Court entered an order granting the motion. Alan S. Fukushima was appointed Chapter 7 Trustee.

3. The Debtors disclosed the Property in their schedules. They valued the Property at $431,000.00 and disclosed that it was subject to secured debt of $547,888.00 ($485,000 held by Aurora Loan Services, LLC, and $62,888 held by BAC Home Loans Servicing).

4. On December 2, 2011, Aurora Loan Services, LLC ("Aurora") filed a motion for relief from the automatic stay as to the Property. Aurora represented that the amount of its secured debt against the Property is approximately $501,433.15 (See PD-1, Decl., p. 2, line 9-10).

5. On December 6, 2011, the Trustee filed a statement of nonopposition to Aurora's motion for relief. (Fukushima Decl., ¶ 2).

6. Bankruptcy Code Section 554(a) states that a trustee, after notice and a hearing, may abandon property of the estate that is burdensome to the estate or of inconsequential value and benefit to the estate.

---

[1] The Trustee believes Bankruptcy Code Section 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure allow trustee abandonment to occur simply by appropriate notice (assuming no party timely objects). Here, the Trustee is proceeding by motion to obtain an order, consistent with this Court's General Order EDC 4-862.

MOTION TO ABANDON REAL PROPERTY

2

| | |
|---|---|
| 1 | 7. The Trustee does not dispute the Debtors' valuation of the Property or |
| 2 | Aurora's representations as to the amount of its lien. The Trustee does not anticipate that the |
| 3 | value of the Property will increase during the pendency of this case. Because the lien amount |
| 4 | far exceeds the fair market value, the Property has no equity for the bankruptcy estate. |
| 5 | (Fukushima Decl., ¶ 3). |
| 6 | 8. Moreover, foreclosure of the Property by Aurora may result in tax |
| 7 | consequences to the estate; therefore, the continued ownership of the Property may unduly |
| 8 | burden the estate. (Fukushima Decl., ¶ 4). |
| 9 | WHEREFORE, the Trustee respectfully requests that the Court authorize the |
| 10 | Trustee to abandon the Property. |
| 11 | Dated: December 8, 2011        THE SUNTAG LAW FIRM |
| 12 |                                A Professional Corporation |
| 13 | |
| 14 |                                BY:  /s/ Loris L. Bakken |
| 15 |                                    LORIS L. BAKKEN |
|    |                                    Attorneys for Chapter 7 Trustee |
|    |                                    ALAN S. FUKUSHIMA |